FILED
AUG 2 4 2015
JULIE RICHARDS JOHNSTON, CLERK
US DISTRICT COURT, EDNC
BY_____ DEP CLK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CV-419-D

| | | |
|---|---|---|
| MARIAN SNOW, | ) | |
| Plaintiff, | ) | **COMPLAINT** |
| vs. | ) | |
| | ) | **JURY TRIAL DEMAND** |
| CLIENT SERVICES, INC. | ) | |
| Defendant. | ) | |

## NATURE OF ACTION

1. This is an action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and the North Carolina Debt Collection Act ("NCDCA"), N.C. Gen. Stat § 58-70 *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff Marian Snow a/k/a Marian Snow-Gibbons ("Plaintiff") is a natural person who, at all relevant times, resides in the State of North Carolina.

5. Plaintiff, at all relevant times, was obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor.

6. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor, arises from a transaction in which the money, property, insurance, or services that are the

subject of the transaction were incurred primarily for personal, family, or household purposes.

7. Plaintiff is a "consumer" as defined by N.C. Gen. Stat. § 58-70-90(2).

8. Defendant Client Services Inc. ("Defendant") is a company who itself, or by and through its affiliates or subsidiaries, engages in the collection of debts.

9. Defendant, at all relevant times, was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by N.C. Gen. Stat. §58-70-90(3).

10. Defendant is a "collection agency" as defined by both N.C. G. S. §58-70-90(1) and N.C. G. S. §58-70-15.

## FACTUAL ALLEGATIONS

11. Beginning in approximately September 2012, Defendant began calling Plaintiff's telephone number ending in 8462 in an attempt to collect an alleged consumer debt in default.

12. Between September 7, 2012 and January 4, 2013, Defendant placed no less than 27 telephone calls to Plaintiff's telephone number ending in 8462.

13. Plaintiff's telephone number ending in 8462 is associated with RingCentral, which is a cloud-based telephone service for which Plaintiff is charged for each incoming and outgoing call, notwithstanding the fact that it lacked Plaintiff's consent to do so.

14. Additionally, between September 7, 2012 and January 4, 2013, Defendant placed no less than 5 telephone calls to Plaintiff's cellular telephone number, ending in 9170, notwithstanding the fact that it lacked Plaintiff's consent to do so.

15. Upon information and good-faith belief, all of the telephone calls placed to Plaintiff's telephone numbers ending in 8462 and 9170 were made using an automatic telephone dialing system and/or predictive dialer.

16. Defendant did not have Plaintiff's prior express consent to make any of the above-referenced telephone calls to Plaintiff.

17. Upon information and good-faith belief, Defendant placed the telephone calls identified

above voluntarily and under its own free will.

18. Upon information and good-faith belief, Defendant had knowledge that it was using an automatic telephone dialing system or predictive dialer to make and/or place each of the telephone calls identified above.

19. Upon information and good-faith belief, Defendant intended to use an automatic telephone dialing system or predictive dialer to make and/or place each of the telephone calls identified above.

20. Defendant did not place any telephone calls to Plaintiff for emergency purposes.

21. Rather, upon information and good-faith belief, Defendant placed each and every call to Plaintiff in connection with the collection of an alleged debt.

22. Though each and every call referenced herein was placed by Defendant in an attempt to collect a debt, Defendant did not disclose in any of the voicemails that it left for Plaintiff at either telephone number, or at any other time, the identity of the person or business on whose behalf the collection agency is acting or to whom the debt is owed. Defendant left in excess of 20 voicemails for Plaintiff wherein it did not disclose the identity of the person or business on whose behalf the collection agency is acting or to whom the debt is owed.

23. Upon information and good-faith belief, Defendant maintains business records that document all telephone calls placed by it to Plaintiff.

## COUNT I
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

24. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 – 23.

25. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency calls to Plaintiff's cellular telephone number, using an automatic telephone dialing system, predictive dialer, and/or an artificial or pre-recorded voice.

3

26. Defendant also violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency calls to a number associated with a service for which Plaintiff is charged for the calls, using an automatic telephone dialing system, predictive dialer, and/or an artificial or pre-recorded voice.

## COUNT II
## VIOLATION OF N.C. GEN. STAT. § 58-70-110(1)

33. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 – 23.

34. Defendant violated N.C. Gen. Stat. §58-70-110(1) by failing to disclose in each of the above-referenced voicemails, and in other voicemails that may be reflected in Defendant's records, the person or business on whose behalf the collection agency is acting or to whom the debt is owed.

35. Defendant's numerous calls to Plaintiff wherein it failed to disclose the person or business on whose behalf the collection agency is acting or to whom the debt is owed are thus unfair and deceptive acts.

36. The debt collection calls made by Defendant were directly connected with the consumer debt that Plaintiff allegedly owed to Defendant, and thus the debt collection calls of Defendant were business activities in or affecting commerce.

37. Defendant's actions caused Plaintiff injury, including economic loss, in the form of charges incurred for the numerous calls made by Defendant to Plaintiff.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

(a) Adjudging and declaring that Defendant violated 47 U.S.C. §227(b)(1)(A)(iii), and that Defendant did so knowingly and willingly, and also that Defendant violated N.C. Gen. Stat. § 58-70-110(1), and enjoining Defendant from further violations of those provisions with respect to Plaintiff;

(b) Adjudging, pursuant to N.C. Gen. Stat. § 58-70-130(c), that Defendant's violations of N.C. Gen. Stat. § 58-70-110(1) constitute unfair or deceptive acts or practices proscribed by N.C.

Gen. Stat. § 75-1.1;

    (c) Awarding Plaintiff statutory damages pursuant to 47 U.S.C. §227(b)(3) in the amount of $1,500.00 per violation;

    (d) Awarding Plaintiff statutory damages pursuant to N.C. Gen. Stat. § 58-70-130(b) in the amount of $4,000.00 per violation;

    (e) Awarding Plaintiff actual damages sustained as a result of Defendant's violations, pursuant to 47 U.S.C. §227(b)(3)(B) and N.C. Gen. Stat. § 58-70-130(b);

    (f) Awarding Plaintiff cumulative damages for each violation, pursuant to N.C. Gen. Stat. § 58-70-130(d);

    (g) Awarding Plaintiff treble damages pursuant to N.C. Gen. Stat. § 75-16;

    (h) Awarding Plaintiff her reasonable costs and any attorneys' fees incurred in this action, including expert fees, pursuant to N.C. Gen. Stat. § 75-16.1;

    (i) Awarding other and further relief as the Court may deem just and proper;

    (j) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

    (k) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Dated: August 19th, 2015

                                                _/s/ Marian Snow_
                                                MARIAN SNOW
                                                907 Timberlake Dr NW
                                                Wilson, NC 27893
                                                (872) 588-9170
                                                msnow20@gmail.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served on the following via first class mail, postage prepaid as follows:

    CLIENT SERVICES, INC.
    c/o Corporation Service Company
    327 Hillsborough Street
    Raleigh, NC 27603-1725
    800-521-3236

This 19th day of August, 2015

                                                              MARIAN SNOW
                                                              907 Timberlake Dr NW
                                                              Wilson, NC 27893
                                                              (872) 588-9170
                                                              msnow20@gmail.com